**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CR 06-02-1ML |
| | : | |
| ROBERT A. URCIUOLI | : | |

**UNITED STATES' OPPOSITION TO DEFENDANT**
**ROBERT URCIUOLI'S MOTION FOR LEAVE TO TRAVEL**

Defendant, Robert Urciuoli, has filed a motion for leave to travel to Maine and Illinois. Defendant's motion follows a similar motion for travel that he filed on March 17, 2008, and which the Court denied on May 28, 2008. In his March 17, 2008, motion, defendant requested that the Court modify the conditions of his bail so that he could travel throughout the contiguous 48 states. He based his request upon a general statement that he needs to travel in order to attend personal events, such as weddings, and to search for employment. On March 26, 2008, the United States opposed defendant's request because the conditions of his release presently are more liberal than most defendant's in his circumstances, he is facing significant charges in this matter, and he has not demonstrated a compelling need, other than personal convenience, to modify the conditions of his bail ("March 26th response"). Defendant's present request is similar in that he requests permission to travel for primarily social reasons, to Maine, from June 11 though June 13, 2008, and Illinois, from June 25 through 29, 2008. He also states generally that he will be meeting with a "potential" headhunter while in Illinois.

As the United States stated in its March 26th response, defendant is presently enjoying very liberal bail conditions. Although as defendant again reiterates, the First Circuit vacated defendant's conviction, he was previously sentenced to 36 months incarceration. The First Circuit, while vacating the decision, noted the strength of the evidence against the defendant

nonetheless. Hence, given the nature and circumstances of the offense and the weight of the evidence against the defendant, 18 U.S.C. § 3142(g) requires that the Court continue to impose restrictions on defendant's bail. Defendant has access to financial means, has previously been convicted and should face a significant sentence if he is convicted again. At minimum, he has the incentive to flee. Moreover, there is nothing in defendant's motion, other than a request for a personal accommodation, that demonstrates a compelling need to travel.

Accordingly, the United States respectfully states that defendant's request for travel be denied.

Respectfully submitted,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

/s/ LUIS M. MATOS
LUIS M. MATOS
First Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401)709-5046 - phone
(401)709-5001 - fax
Luis.Matos@usdoj.gov

/s/ DULCE DONOVAN
DULCE DONOVAN
Executive Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401)709-5046 - phone
(401)709-5001 - fax
Dulce.donovan@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of May, 2008, I caused the United States' Opposition to Defendant Robert Urciuoli's Motion for Leave to Travel to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Michael J. Connolly, Esq.
Kristie Passalacqua, Esq.
Hinckley, Allen, Snyder LLP
28 State Street
Boston, MA 02109

Kevin J. Bristow, Esq.
501 Turks Head Bldg.
Providence, RI 02903

/s/ LUIS M. MATOS
LUIS M. MATOS
First Assistant U.S. Attorney