UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CR 06-02ML |
| | : | |
| ROBERT A. URCIUOLI, and | : | |
| FRANCES P. DRISCOLL. | : | |

**UNITED STATES' OBJECTION TO DEFENDANT URCIUOLI'S MOTION TO COMPEL DISCLOSURE OF EVIDENCE PERTAINING TO EMPLOYMENT STATUS AND ADVANCEMENT OF LEGAL FEES**

Defendant Robert Urciuoli has filed a Motion to Compel Disclosure of Evidence. For the reasons stated in the accompanying memorandum of law the United States objects to the motion.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Luis M. Matos
LUIS M. MATOS
First Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza
Providence, RI 02903
(401) 709-5000 - phone
(401) 709-5001 - fax
luis.matos@usdoj.gov

/s/ Dulce Donovan
DULCE DONOVAN
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza
Providence, RI 02903
(401) 709-5000 - phone
(401) 709-5001 - fax
dulce.donovan@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CR 06-02ML |
| | : | |
| ROBERT A. URCIUOLI, and | : | |
| FRANCES P. DRISCOLL. | : | |

**UNITED STATES' MEMORANDUM IN SUPPORT OF ITS OBJECTION TO DEFENDANT URCIUOLI'S MOTION TO COMPEL DISCLOSURE OF EVIDENCE PERTAINING TO EMPLOYMENT STATUS AND ADVANCEMENT OF LEGAL FEES**

Defendant Robert Urciuoli has filed a motion to compel evidence related to the Government's internal deliberations about one of his co-defendants, Roger Williams Medical Center ("RWMC"), and its communications and correspondence with RWMC regarding the negotiation of a Deferred Prosecution Agreement ("DPA"). Urciuoli claims that the information is relevant to the preparation of his defense under Fed. R. Crim. P. 16. Urciuoli is seeking the information, however, to buttress his Renewed Motion to Dismiss the Indictment which is premised upon his baseless allegation that the United States pressured RWMC to terminate him and cease paying his legal fees.

As explained in the United States' opposition to Urciuoli's renewed motion, that motion is barred under the "law of the case" doctrine. United States v. Ellis 313 F.3d 636 (1st Cir. 2002), cert denied, 540 U.S. 836 (2003). Moreover, his motion, even if could be renewed, is without merit. Nonetheless, Urciuoli is requesting the Court to allow him to go on a fishing expedition for information that, whether any of it exists (and certainly drafts of the DPA do exist), is not relevant to any issue that is expected at trial and, hence is not relevant to his "defense."

**I. Argument**

A. The Requested Information is Not Subject to Discovery

Rule 16(a)(1)(E)(i) requires the government to produce materials that are "material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E)(i). In order to trigger the government's obligation:

> significantly to alter the quantum of proof in his favor it is incumbent upon a defendant to make a prima facie showing of "materiality" in order to obtain discovery:
>
> > Materiality means more than that the evidence in question bears some abstract logical relationship to the issues in the case. . . . There must be some indication that the pretrial disclosure of the disputed evidence would have enabled the defendant

United States v. Buckley, 586 F.2d 498, 506 (5th Cir.1978), cert. denied, 440 U.S. 982 (1979)(emphasis added). See also United States v. Carrasquiillo-Plaza, 873 F.2d 10, 12 (1st Cir. 1989)(citing Buckley and finding that defendant failed to meet his burden to establish materiality); United States v. Hensel, 699 F.2nd 18, 39 (1st Cir. 1983)(Rule 16 specifically limits government's discovery obligations to documents which are material to the preparation of a defense).

In Buckley, the Fifth Circuit held that the information requested by defendant was not material to an entrapment defense because it was not a viable defense in the case. Buckley 586 F.2d at 506. Likewise, Urciuoli's requests are not material to any defense that has been identified for trial by either remaining defendant or could even be expected to be a viable defense.

Defendant cites to United States v. Olano, 62 F.3d 1180, 1203 (9th Cir. 1995), for the proposition that the Government must produce information that is "helpful to the defense." However, in Olano the Ninth Circuit reiterated the materiality requirement of Rule 16 and held that the Government's failure to identify a telephone that it eventually introduced at trial did not

violate Rule 16 because it would not have benefitted Olano's defense. Id., at 1203. Likewise, in the other case cited by Urciuoli, United States v. Stevens, 985 F.2d 1175 (2nd Cir. 1993), the Second Circuit explained that in order to warrant a new trial "'[t]here must be some indication that the pretrial disclosure of the disputed evidence would have enabled the defendant significantly to alter the quantum of proof in his favor.'" Id. at 1180 (quoting United States v. Maniktala 934 F.2d 25, 28 (2d Cir.1991)). In this case, Urciuoli's request is not relevant to the quantum of proof at trial.

Moreover, the United States does not have an obligation under Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972), to produce the materials. The First Circuit has read Brady and Giles v. Maryland, 386 U.S. 66 (1967) to "require fair use of evidence by the prosecutor, accompanied by a duty to disclose evidence materially favorable to the defendant." United Sates v. DeLeo, 422 F.2d 487, 498 (1st Cir. 1970). However, the First Circuit has "not read those cases to authorize extensive **pre-trial discovery** by the defendant." Id. (emphasis in original); see also United States v. Woodward, 154 F.Supp. 83, 88 (D. Maine 2001) (Brady establishes no general right of discovery and creates no pretrial remedies).

In Woodward, the defendants requested a wide variety of additional discovery under Brady and Rule 16. The Government responded that it had provided defendants with all materials that it was required to produce, that it was not then aware of any Brady materials in its possession, and that if it became aware of any Brady material, it would turn it over. The District Court was "satisfied that the Government understands its duty to disclose any exculpatory evidence useful to defendants and timed to avoid any delay at trial," and denied defendants' discovery motions. Id.

In regard to the issue presented in Urciuoli's renewed motion to dismiss, the United States previously went beyond its discovery obligations by affirmatively advising defendant's counsel by letter that:

> The termination of your client, Robert A. Urciuoli, by RWMC was not a condition precedent to the DPA nor a requirement of the DPA. In fact, all discussions concerning Mr. Uricuoli's employment status were expressly excluded from the plea negotiations. Similarly, all discussions concerning RWMC's decision either to pay, or to refuse to pay, Mr. Urciuoli's legal expenses were expressly excluded from the plea process by the United States Attorney's Office.
>
> The decisions to terminate Mr. Urciuoli for cause and to discontinue paying his legal fees were business and contract decisions made by RWMC without any input from this office.

Attachment A. April 28, 2006, letter from Assistant United States Attorney Gerard Sullivan to Urciuoli's counsel, Michael DeFanti. Nothing more is warranted.

Finally, defendant's request for records relating to the United States' internal deliberations about the DPA, if the documents requested exist, would impinge upon the deliberative process privilege and work product doctrine. Disclosure of inter-agency and intra-agency deliberations and advice is injurious to the federal government's decision-making functions because it tends to inhibit the frank and candid discussion necessary to effective government. See NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 150-51 (1975). The deliberative process privilege, another form of the Executive Branch's governmental privileges, serves as a safeguard against this danger. See United States v. Furrow, 100 F.Supp.2d 1170, 1174 (C.D. Cal. 2000) (privilege seeks to protect integrity of governmental decision-making). The deliberative process privilege protects evidence from disclosure if the evidence satisfies the following two criteria: (1) it is pre-decisional, and (2)

it is deliberative in nature, containing opinions, recommendations, or advice about agency decisions. Renegotiation Bd. v. Grumman Aircraft Engineering Corp., 421 U.S. 168, 184 (1975); Klamath Water Users Protective Ass'n v. United States Dep't of Interior, 189 F.3d 1034, 1043 (9th Cir. 1999); In re Sealed Case, 121 F.3d 729, 735-36 (D.C. Cir. 1997).

Likewise, the attorney work-product privilege first established in Hickman v. Taylor, 329 U.S. 495 (1947) protects from disclosure materials prepared by attorneys in anticipation of litigation. Since Hickman, courts have reaffirmed the “strong public policy” on which the work-product privilege is grounded. State of Maine v. U.S. Dept. of Interior, 298 F.3d 60, 67 (1st Cir. 2002.)(citing United States v. Aldman 134 F.3d 1194, 1197 (2d Cir.1998)). The privilege protects work done by an attorney in anticipation of, or during, litigation from disclosure to the opposing party. Id.; see also In re Grand Jury Subpoena, 274 F.3d 563, 574 (1st Cir. 2001).

## II. Conclusion

Based upon the foregoing, the United States respectfully requests that the Court deny Defendant Urciuoli's Motion to Compel Disclosure.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Luis M. Matos
LUIS M. MATOS
First Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza
Providence, RI 02903
(401)709-5000 - phone
(401)709-5001 - fax
luis.matos@usdoj.gov

/s/ Dulce Donovan
DULCE DONOVAN
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza
Providence, RI 02903
(401)709-5000 - phone
(401) 709-5001 - fax
dulce.donovan@usdoj.gov

**CERTIFICATION**

I hereby certify that on June 18, 2008, I electronically filed this Objection with the Clerk of the US District Court for the District of Rhode Island using the CM/ECF System. The following participants have received notice electronically:

Kristie M. Passalacqua, Esq.
Michael Connolly, Esq.
Robert Flanders, Esq.
Joseph Whelan, Esq.
Hinckley, Allen & Snyder
1500 Fleet Center
Providence, RI 02903

Richard M. Egbert, Esq.
99 Summer Street
Suite 1800
Boston, MA 02110

John A. MacFadyen, Esq.
MacFadyen, Gescheidt & O'Brien
101 Dyer Street
Providence, RI 02903

Kevin Bristow, Esq.
76 Westminster Street
Providence, RI 02903

/s/ Dulce Donovan

**U.S. Department of Justice**

*United States Attorney*
*District of Rhode Island*

Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903

(401) 709-5000
FAX (401) 709-5001

April 28, 2006

Michael P. DeFanti, Esq.
Hinckley Allen Snyder, LLP
1500 Fleet Center
Providence, Rhode Island 02903

RE: Robert A. Urciuoli/Federal Investigation

Dear Mick:

You wrote to Meg Curran in her capacity as Monitor of the Deferred Prosecution Agreement ("DPA") with Roger Williams Medical Center ("RWMC"). She forwarded your letter to me. I write in response to that letter.

The termination of your client, Robert A. Urciuoli, by RWMC was not a condition precedent to the DPA nor a requirement of the DPA. In fact, all discussions concerning Mr. Urciuoli's employment status were expressly excluded from the plea negotiations. Similarly, all discussions concerning RWMC's decision either to pay, or to refuse to pay, Mr. Urciuoli's legal expenses were expressly excluded from the plea process by the United States Attorney's Office.

The decisions to terminate Mr. Urciuoli for cause and to discontinue paying his legal fees were business and contract decisions made by RWMC without any input from this office.

Consequently, because RWMC's legal position on these matters is not contemplated nor regulated under the DPA, it does not appear to be within the scope of Ms. Curran's duties. This office takes no position on RWMC's responsibility for legal fees.

Sincerely yours,

ROBERT CLARK CORRENTE
United States Attorney

GERARD B. SULLIVAN
Assistant U.S. Attorney
Chief Criminal Division

cc:
Kimberly A. O'Connell, Esq.
Vice President and General Counsel
Roger Williams Medical Center

Margaret E. Curran, Esq.