**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CR 06-02MML |
| | : | |
| ROBERT A. URCIUOLI and | : | |
| FRANCES P. DRISCOLL | : | |

**UNITED STATES' MOTION IN LIMINE TO EXCLUDE**
**EXPERT TESTIMONY OF ROBERT LACHANCE, JR.**

United States of America, through undersigned counsel, respectfully moves the Court to exclude the purported expert testimony of Robert LaChance, Jr. Alternatively, the United States respectfully requests a hearing pursuant to Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993) to determine the admissibility of LaChance's testimony. The bases for the United States' motion are detailed in the accompanying memorandum of law filed simultaneously herewith.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Luis M. Matos
LUIS M. MATOS
First Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza
Providence, RI 02903
(401) 709-5000 - phone
(401) 709-5001 - fax
luis.matos@usdoj.gov

/s/ Dulce Donovan
DULCE DONOVAN
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza
Providence, RI 02903
(401) 709-5000 - phone
(401) 709-5001 - fax
dulce.donovan@usdoj.gov

**CERTIFICATION**

I hereby certify that on August 15, 2008, I electronically filed this Motion In Limine To Exclude Expert Testimony with the Clerk of the US District Court for the District of Rhode Island using the CM/ECF System. The following participants have received notice electronically:

Kristie M. Passalacqua, Esq.
Michael Connolly, Esq.
Joseph Whelan, Esq.
Hinckley, Allen & Snyder
1500 Fleet Center
Providence, RI 02903

Howard M. Cooper, Esq.
Todd & Weld LLP
28 State Street
Boston, MA 02109

John A. MacFadyen, Esq.
MacFadyen, Gescheidt & O'Brien
101 Dyer Street
Providence, RI 02903

Kevin Bristow, Esq.
76 Westminster Street
Providence, RI 02903

Larry Tipton, Esq.
One Center Place, Suite 220
Boston, MA 02108

/s/ Luis M. Matos

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CR 06-02MML |
| | : | |
| ROBERT A. URCIUOLI and | : | |
| FRANCES P. DRISCOLL | : | |

**UNITED STATES' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY OF ROBERT LACHANCE, JR.**

## I. Introduction

On August 14, 2008, counsel for Robert Urciuoli notified the United States that they intend to call Robert LaChance, Jr. to provide expert testimony concerning the following:

1. The market value of the television broadcasts featuring former Senator Celona and various guests associated with affiliates of Roger Williams Medical Center on various topics pertinent to the array of services provided by those entities to senior citizens;

2. The costs associated with planning, producing editing, and promoting television broadcasts, such as those featuring Celona and professionals associated with Roger Williams affiliates; and

3. In the context of affiliated corporate entities, such as those owned by Roger Williams Medical Center, the benefits that accrue to the entire organization of affiliated entities stemming from the promotion of a single affiliate from the family of affiliates.

Ex. 1, August 14, 2008, letter from Michael Connolly to Luis Matos and Dulce Donovan.[1] The proffered testimony is properly excluded because: (1) the testimony is irrelevant to the issues to be tried; (2) the proffered testimony will not be helpful to the jury; and (3) would confuse the jury. Alternatively, the United States respectfully requests a hearing pursuant to Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993) to determine the admissibility of LaChance's testimony.

## II. Argument

### A. LaChance's Proffered Testimony

Defendant Urciuoli has proffered Robert LaChance, Jr., as an expert. Although Urciuoli does not specifically state exactly in what area LaChance is purported to be an expert, he has identified the three areas listed above as the topics on which LaChance would opine. Urciuoli contends that LaChance's experience in "the areas of marketing consultation, creative strategies, television broadcast production, advertising, and corporate and institutional communications" qualifies him as an expert to testify on the above-listed topics.

In order to prepare him to testify, Urciuoli's counsel represents that LaChance has been provided with various video recordings of Celona's television shows and numerous documents. Notably, it does not appear that LaChance has been provided with any documents or information detailing the actual costs of producing Celona's television shows or the financial benefits, if any,

[1] Attorney Connolly's letter states that they will provide a more detailed disclosure as to the specific aspects of LaChance's opinions after he has had an opportunity to review the material listed in the attachments to the letter. The United States respectfully reserves the right to supplement the instant motion in limine with additional bases upon which to exclude LaChance's proffered testimony after receiving a complete statement of the opinions LaChance is expected to offer at trial.

which actually accrued to any of the Roger Williams Medical Center (RWMC) organizations listed in defense counsel's August 14, 2008, letter.[2]

**B. Expert Testimony Generally**

The starting point for determining the admissibility of evidence is that all relevant evidence is admissible at trial. Fed. R. Evid. 401. Following that, in addition to specific exclusions provided under the Rules of Evidence, Rule 403 provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Expert testimony "must be relevant not only in the sense that all evidence must be relevant ... but also in the incremental sense that the expert's proposed opinion, if admitted, likely would assist the trier of fact to understand or determine a fact in issue." Ruiz-Troche v. Pepsi Cola of Puerto Rico Bottling Co., 161 F.3d 77, 81 (1st Cir.1998) (citations omitted).

As the proponent of expert testimony, defendant bears the burden of demonstrating its admissibility by a preponderance of proof. See In re Renzulin Products Liability Litigation, 309 F. Supp. 2d 531, 539 (S.D.N.Y. 2004), citing Daubert, 509 U.S. at 592 n. 10. Pursuant to Federal Rule of Evidence 702, expert testimony is generally admissible under the following circumstances:

---

[2] Undersigned counsel has reviewed the majority of the records listed in the attachment to attorney Connelly's August 14, 2008, letter, but was unable to locate approximately 10 of them at the time of filing this motion. Undersigned counsel, however, is not aware of any documents exchanged by any of the parties in the course of discovery which detail the costs associated with Celona's production of television shows on which RWMC and Village employees appeared.

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

Fed. R. Evid. 702. "The proper inquiry is [whether] the untrained layman would be qualified to determine intelligently and to the best possible degree the particular issue without enlightenment from those having specialized understanding of the subject matter involved . . . ." United States v. Lamattina, 889 F.2d 1191, 1194 (1st Cir. 1989) (internal quotations omitted). Defendant's proffered expert testimony should be excluded pursuant to both the general evidence principles articulated in Rule 401 and 403, and the more specific Rules addressing the admissibility of expert testimony.

**C. LaChance's Testimony Is Not Relevant to the Issues in this Case**

Urciuoli intends to have LaChance testify concerning the "market value" of Celona's television broadcasts which featured individuals associated with RWMC. Urciuoli does not purport to have provided LaChance with any information associated with the actual revenue RWMC or any of its associated companies received as a result of Celona's broadcasts. Indeed, it appears that Urciuoli intends to have LaChance testify about costs associated with the production of television shows like the ones Celona produced, but not costs associated with the actual shows on which RWMC representatives appeared. Similarly, LaChance is expected to testify not to the actual benefits any of the RWMC entities received, but that generally, "the benefits" that accrue to one entity in an organization accrue to other affiliated entities. Urciuoli also proffers testimony from LaChance concerning the amorphous concept that affiliated business entities derive benefits from each other.

The proffered evidence is not relevant for several reasons. The issues before the jury involve defendant Urciuoli's intent in hiring John Celona and renewing his contract for approximately 6 years. Whether he did so with the intent to defraud the public of John Celona's honest services, or not, is one of the key questions the jury will be asked to decide. The costs of producing television shows generally, is not relevant to the jury's determination of Urciuoli's intent, or any issue before the jury. Similarly, the market value gained from shows similar to those produced by Celona generally, is not relevant to whether Urciuoli intended to defraud the public, or any other issue to be tried. Put simply, LaChance's proffered testimony concerning television production generally has no connection to the inquiry to be conducted by the jury. Accordingly, the testimony should be excluded.

### D. The Opinions Are Not Admissible Pursuant to Rule 702

Pursuant to Federal Rule of Evidence 702, expert testimony is generally admissible under the following circumstances:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

First, to be admissible under Rule 702, the evidence must assist the trier of fact. As stated, "the proper inquiry is [whether] the untrained layman would be qualified to determine intelligently and to the best possible degree the particular issue without enlightenment from those

having specialized understanding of the subject matter involved . . . ." United States v. Lamattina, 889 F.2d 1191, 1194 (1st Cir. 1989) (internal quotations omitted); United States v. Sebaggala, 256 F.3d 59, 66 (1st Cir. 2001). If in fact evidence of the revenue and costs associated with the production of Celona's television shows exists, that evidence could be presented to the jury without the expert testimony, provided Urciuoli could introduce some evidence that he had knowledge of and relied on such evidence. Urciuoli is not, however, purporting to introduce through LaChance evidence of actual revenue and costs associated with the production of Celona's television shows. LaChance's proffered expert testimony relates to television production costs generally.

Furthermore, in this case, because none of the issues the jury will be called upon to decide relate to television production, the evidence will not be helpful to the jury. In order to be admissible, expert testimony must not only be relevant, but it must also "assist" the jury. United States v. Schneider, 11 F.3d 197, 203 (1st Cir 1997). "This helpfulness requirement is 'akin to the relevance requirement of Rule 401, which is applicable to all proffered evidence, . . . but goes beyond mere relevance . . . because it also requires expert testimony to have a valid connection to the pertinent inquiry.' " In re Renzulin, 309 F. Supp. 2d at 540 (quoting Weinstein's Federal Evidence § 702.03[1] (Joseph M. McLaughlin ed., 2d ed. 1997)). Testimony concerning the costs generally associated with television production and testimony concerning revenue generally generated from shows similar to Celona's has no "valid connection" to the inquiry to be conducted by the jury.

In addition, pursuant to Rule 702, LaChance must be qualified as an expert. Mr. LaChance is not qualified to testify as an expert by knowledge, skill, experience, training or

education. See Rule 702. LaChance's resume states that he provides "creative strategies" to clients, began singing jingles at age 7, and is a national voice over talent. Ex. 1 at p. 3. His resume does not reflect the kind of education, training and experience which would qualify him to testify concerning the market value of television broadcasts or the costs associated with television production. His resume also lacks evidence of business expertise which would justify having him testify concerning unspecified benefits which accrue to interrelated business entities.

Finally, there is nothing in Urciuoli's proffer that indicates that LaChance's testimony is (1) based upon sufficient facts or data, (2) the product of reliable principles and methods, or (3) that he has applied the principles and methods reliably to the facts of the case, as is required under Rule 702. To the extent Urciuoli wishes to introduce speculative and irrelevant testimony about the costs associated with and generated by certain types of television broadcasts, he has no basis for such opinions.

**E. The Proffered Expert Testimony Is Likely to Confuse the Jury**

Fed. R. Evid 403 provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Not only are LaChance's opinions not relevant, they are also precluded under Rule 403.

Although it is possible that a reasoned assessment by Urciuoli of the costs compared with revenue generated by Celona's television shows could be relevant to his decision to continue Celona's consulting contract, there is no evidence that Urciuoli considered such factors in deciding to renew Celona's contract. Offering evidence of the costs and revenue generated by

television production generally, if those items can even be quantified, divorced from the facts of this case, will confuse the jury as to the issues which it is being called upon to decide. Accordingly, the expert testimony of Robert LaChance should be excluded.

## III. Conclusion

Based upon the foregoing reasons, the Court should exclude Urciuoli's proffered expert testimony of Robert LaChance.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Luis M. Matos
LUIS M. MATOS
First Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza
Providence, RI 02903
(401)709-5000 - phone
(401)709-5001 - fax
luis.matos@usdoj.gov

/s/ Dulce Donovan
DULCE DONOVAN
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza
Providence, RI 02903
(401)709-5000 - phone
(401)709-5001 - fax
dulce.donovan@usdoj.gov

**CERTIFICATION**

I hereby certify that on August 15, 2008, I electronically filed this Memorandum In Support of Motion In Limine To Exclude Expert Testimony with the Clerk of the US District Court for the District of Rhode Island using the CM/ECF System. The following participants have received notice electronically:

Kristie M. Passalacqua, Esq.
Michael Connolly, Esq.
Joseph Whelan, Esq.
Hinckley, Allen & Snyder
1500 Fleet Center
Providence, RI 02903

Howard M. Cooper, Esq.
Todd & Weld LLP
28 State Street
Boston, MA 02109

John A. MacFadyen, Esq.
MacFadyen, Gescheidt & O'Brien
101 Dyer Street
Providence, RI 02903

Kevin Bristow, Esq.
76 Westminster Street
Providence, RI 02903

Larry Tipton
One Center Place, Suite 220
Boston, MA 02108

/s/ Luis M. Matos

# EXHIBIT 1

**HinckleyAllenSnyder** LLP
ATTORNEYS AT LAW

*Michael J. Connolly, P.C.*
mconnolly@haslaw.com

28 State Street
Boston, MA 02109-1775
TEL: 617.345.9000
FAX: 617.345.9020
www.haslaw.com

August 14, 2008

**VIA ELECTRONIC MAIL AND FIRST CLASS MAIL**

Luis M. Matos
Dulce Donovan
Assistant U.S. Attorneys
United States Attorney's Office - District of Rhode Island
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

**Re: United States v. Urciuoli, et al.**

Dear Lou and Dulce:

Please be advised that we intend to call Robert LaChance, Jr. to testify as an expert witness at trial. Please find a summary of Mr. LaChance's background and experienced attached hereto as Exhibit A.

Mr. LaChance will testify about the marketing efforts and promotional services undertaken by former Senator John Celona on behalf of affiliates of Roger Williams Medical Center, including The Village at Elmhurst, Elmhurst Extended Care, Roger Williams Home Care, Roger Williams Senior Associates, and Roger Williams Hospital. The materials provided to Mr. LaChance include the recordings of the television broadcasts listed in my letter to you dated August 8, 2008, a copy of which is attached hereto as Exhibit B. In addition, Mr. LaChance has been provided with documents related to Mr. Celona's marketing efforts. The documents are set forth on the schedule attached hereto as Exhibit C.

Based on Mr. LaChance's review of these materials, together with his training and experience in the areas of marketing consultation, creative strategies, television broadcast production, advertising, and corporate and institutional communications, Mr. LaChance will testify to his expert opinions on the following subjects:

- The market value of the television broadcasts featuring former Senator Celona and various guests associated with affiliates of Roger Williams Medical Center on various topics pertinent to the array of services provided by those entities to senior citizens.

HinckleyAllenSnyder LLP
ATTORNEYS AT LAW



- The costs associated with planning, producing, editing, and promoting television broadcasts, such as those featuring Celona and professionals associated with Roger Williams affiliates.

- In the context of affiliated corporate entities, such as those owned by Roger Williams Medical Center, the benefits that accrue to the entire organization of affiliated entities stemming from the promotion of a single affiliate from the family of affiliates.

We will provide a more detailed disclosure as to the specific aspects of Mr. LaChance's opinions after he has had an opportunity to review all of the materials disclosed herein.

Please call me if you have any questions.

Sincerely,

M. J. Connolly / ve

Michael J. Connolly
MJC/md

Enclosures

cc: Howard Cooper, Esq.
Kevin Bristow, Esq.
Terry MacFadyen, Esq.
Larry Tipton, Esq.

#751827

# EXHIBIT A

r.j. LaChance
ADVERTISING
p (401) 223-2143 • f (401) 223-2148
www.rjlachance.com

TIN CAN ALLEY

**Robert LaChance, Jr.**
**35 Kirby Street**
**Barrington, RI 02806**

**Current Position: Co-Manager and Creative Director of R.J. LaChance Advertising, LLC/Tin Can Alley Studios**

**Years of Experience in Advertising & Television Production: 40**

R.J.LaChance Advertising, LLC/Tin Can Alley Studios is a creative/production boutique that provides clients with marketing consultation, creative strategies and production for use in broadcast, on the web and in corporate and institutional communications. The company's key clients include: Tasca Automotive Group, McKay's Furniture, Gilbane and Brown University. As a founding co-principal along with wife, Nancy, Rob LaChance has helped clients throughout New England achieve marketing success. He has also been frequently sought to produce compelling longer form productions for use in consensus building causes as well as in direct marketing.

Rob began his career in the business at age 7, singing jingles for his father, Bob LaChance, Sr, a former radio station manager and big band singer. At the age of 28 Rob started his own advertising agency and has been working as a creative director in his own company since then. He is a national voiceover talent and is frequently heard on commercials throughout southern New England. He has written and produced thousands of radio and television commercials, hundreds of corporate communications videos and many longer form programs and has received numerous creative awards. Most recently he received the 2008 Michelle Norris Memorial Award from Children's Friend for his pro-bono creative work for that organization.

R.J. LaChance Advertising, LLC/Tin Can Alley Studios owns audio and video production suites, as well as camera, lighting and grip equipment.

# EXHIBIT B

**HinckleyAllenSnyder LLP**
ATTORNEYS AT LAW

11 South Main Street, Ste. 400
Concord, NH 03301-4810
TEL: 603.225.4334
FAX: 603.224.8350
www.haslaw.com

*Michael J. Connolly, P.C.*
mconnolly@haslaw.com

August 8, 2008

**VIA TELEFAX & FIRST CLASS MAIL**

Luis M. Matos
Dulce Donovan
Assistant U.S. Attorneys
United States Attorney's Office - District of Rhode Island
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

Re: **United States v. Urciuoli, et al.**

This is to notify you that we have tapes and CDs containing recordings of certain broadcasts on Rhode Island cable television on which Senator Celona appeared. Your office has a copy of the program featuring Mr. Gamache (which was an exhibit in the first trial), and may have the others as well. We set forth below a description of each recording based on the labeling on each DVD or tape (which is not necessarily accurate as to the title of the respective program):

**List of DVDs**

**1. For your Health**

Robert Urciuoli, Dr. Denise Fraser
John Celona
June 2000

**2. For Your Health**

J. Celona, Robert A. Urciuoli, Dr. Pedius
July – Aug. 2000

**3. Celona State House Report**

Robert A Urciuoli, Dr. Boffa, John Pernorid (sic), Robert Picard
Sept 2000 – Oct. 2000

#751360

**4. Celona Report**

Health link & RWM Home
Oct 2000- Nov. 2000

**5. For Your Health**

Chapter 1 – Jack Kramer
Chapter 2 thru 10 – Celona – Urciuoli – Gamache

**List of VHS Tapes**

**6. For your Health**

1.) R. Urciuoli & Dr. Fraser – June 00
2.) R. Urciuoli & Dr. Pedvis (sic) July – Aug '00

**7. Celona Report**

Dipaolo – Loa – Sept '00
For your Health – Village – Sept '00

**8. Senator Celona's**

Taking on Cancer
The Roger Williams Medical CTR Cancer Team

**9. Health link Tape # 2**

Boffa, Pernorio Senator Celona 2257

**10. Celona Report**

1.) Oct. '99 – with Gen. Centraccio 2.) Nov. '99 – Student Loan Authority
3.) Dec. 99 – K. Johnson Fox 64 4.) Dec. '99 – Jan. '00 – Forgaty/Urciuoli
5.) Feb. '00 – Dr. Stoukides Senator Irons.

We wish to further advise you that we intend to offer into evidence at trial the entirety of certain of the recorded programs, including: the above-listed DVDs numbered 1, 2, 3, 4, 5 (Chapters 2 – 10 only), and the above-listed VHS Tapes numbered 7 (For Your Health

- Village – Sept '00 only), 8, 9, and 10 ("4. Dec. '99 – Jan. '00 – Fogarty/Urciuoli" and "5. Feb. '00 – Dr. Stoukides" only).

We do not intend to request the Court to allow the entire programs to be played during the trial. Rather, we will seek to present excerpts from the above listed programs to be played during trial. We anticipate having a separate CD containing the excerpts that we intend play during the trial available for you within a few days.

Let us know if you would like to obtain copies of the above recordings or to view them in our office. All of the DVDs and tapes are available immediately to be viewed by you. Please call me or Kristie, or email either of us, to arrange a viewing if you are interested.

Please consider this also as a request to obtain copies of any and all recordings possessed by the Government of television broadcasts on which former Senator Celona appeared, including, but not limited to, broadcasts on which employees of Roger Williams Medical Center or any of its affiliates appeared (including but not limited to: Roger Williams Hospital, the Elmhurst Extended Care nursing home, Roger Williams Home Care, the Village at Elmhurst).

Sincerely,

Michael J. Connolly
MJC/md

cc: Howard Cooper, Esq.
Kevin Bristow, Esq.
Terry MacFadyen, Esq.
Larry Tipton, Esq.

# EXHIBIT C

# EXHIBIT C

List of Documents Provided to Rob LaChance

**Document Number**

SS 00095
SS 00097
SS 00098
SS 00099
SS 00101
SS 00326
SS 00329
SS 00508
SS 00510
SS 00522
SS 00542
SS 00543
SS 00565
SS 01785 – 87
SS 01914
SS 01999
SS 02047
SS 02049
SS 02217
SS 02558
02559
SS 02613
SS 02984
SS 02985 – 02988
SS 02989

DM 0000003
DM 0000002
DM 0000047

GPH 000787
GPH 000788
GPH 000789

RWMC 010186-187
RWMC 000510

S Exhibit Z
VE 000001889 (S Exhibit MM)
VE 000001890 – 91 (S Exhibit NN)
VE 000001892 – 93 (S Exhibit OO)
VE 000001897 – 99 (S Exhibit QQ)
VE 000001894 – 96 (S Exhibit RR)
VE 000001900 – 01 (S Exhibit TT)