UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

IN THE MATTER OF:

ROGER WILLIAMS MEDICAL CENTER

Testimony of RAYMOND MANCINI, a witness herein, heard before the SPECIAL JUNE 2005 GRAND JURY on THURSDAY, NOVEMBER 17, 2005, 3:52 P.M., at the John O. Pastore Federal Building, Two Exchange Terrace, Providence, Rhode Island.

PRESENTED BY:

LUIS M. MATOS, ESQUIRE
ASSISTANT U.S. ATTORNEY

Vivian S. Dafoulas, RMR-CRR

East Greenwich, RI 02818-2064

(401) 885-0992

obligation to testify truthfully before this grand jury and if you do not provide truthful material testimony, you can be subject to criminal charges and in particular such charges such as perjury or making false statements; do you understand that?

A. Yes.

Q. Mr. Mancini, could you explain to us generally what -- what your occupation is?

A. I'm the chairman of the board of a family-owned business called Management Properties Investment Ventures, and it's a -- it's -- it owns real estate and invests in small companies and public equities and it has a management group that -- that consists of eight to ten key executives and my children, and they -- we, in turn, manage distribution businesses which would -- one is a distribution business of beverages in Connecticut and Rhode Island and the other is a distribution business of -- of floor-covering products throughout New England and upstate New York.

Q. Have you been engaged in that kind of business for the majority of your career?

A. Yes.

Q. Are you also -- do you also have a relationship with Roger Williams Medical Center?

A. Yes.
Q. You're on the Board of Trustees there?
A. Yes.
Q. How long have you been on the Board of Trustees?
A. I think about since about 1988 or '89.
Q. And how did you first come to become a trustee?
A. Well, the chairman of the board at the time was Jay Salves (phonetic), who was a key executive at Fleet Bank at the time, and I was on the advisory board with Fleet and he asked me to sit on the -- on the board.
Q. And are you on any other committees other than being a trustee?
A. Finance committee.
Q. On the finance committee. Were you also at a time on the executive committee?
A. I was.
Q. Are you still on the executive committee?
A. No.
Q. What period of time were you on the executive committee?
A. Well, I guess I would say up until -- I would say probably from -- I got on the executive

counsel then said that the hospital would be faced with litigation if you took that view, so there was discussion around that but I never felt good about it.

Q. When his counsel said that the hospital could be faced with litigation, what did you interpret that to mean?

A. Well, that we would be -- if -- if we took action to discharge Mr. Urciuoli, that we would probably be sued.

Q. So did you take that as a threat or something of that kind --

A. Yes.

Q. -- that he would sue you if you fired him?

A. Well, I think -- I don't know if that's what he said. I don't remember him saying that to me but I mean the conclusion was that we would be faced with litigation if we -- if we took the action of discharge, but that's not what drove the decision I don't think by the executive committee but I think that was, you know, a factor.

Q. You said there were other lawyers on the committee such as Richard Licht, correct?

A. Richard Licht, Bernie Buonanno.

Q. Bernie Buonanno?

A. Brad Gorham. There was another lawyer. Bernie Buonanno, Brad Gorham, Richard Licht. Ray Murphy is a lawyer.

Q. Mr. Murphy is a lawyer as well?

A. Yes. Well, he doesn't practice law but he -- he went to law school. And then we had Jim McGuirk and I know we had Saylor and Goodwin and Procter's firm. I don't remember the people from there but it wasn't just Saylor so, you know, we did a pretty thorough analysis and investigation before we came to the conclusions.

Q. I'd like to focus on the part about whether there was a conclusion that it wasn't fraud however. Okay? And I understand there's a distinction as I'm -- as I'm sure you understand that there's a distinction between what might legally be constituted to be considered to be fraud as opposed to what you as Ray Mancini, executive committee member, might think, you know, whether -- whether these lawyers think it's fraud or not, I think it is or I don't think it is or I think it's theft or I don't think it's theft. What did you think it was?

A. Well, I guess I would -- I would say if it happened in my company, I would have fired him.